EDMONDSON, Chief Judge,
concurring in the result:
I write separately mainly to stress my doubts that the witnesses in Australia were testifying under oath at all.
The Constitution calls for sworn testimony in criminal trials. Apart from the Constitution, Fed.R.Evid. 603 says: “Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness’ conscience and impress the witness’ mind with the duty to do so.” I question whether the “oath” in this case was valid for the witnesses in Australia.
In our case, Australian witnesses in Australia were sworn in per television by the district court clerk in Alabama. The United States says that this novel oath-taking was meaningful because perjury is an extraditable offense in the treaty between the United States and Australia. But to say perjury is illegal and an extraditable offense does not end the issue, for perjury can only be committed when a person has been properly placed under oath.[1] The *1190 correct inquiry, first, is whether the court clerk in Alabama is a competent officer to give a valid, meaningful oath when the oath-taker is a foreign national reciting the oath in a foreign country.[2] To awaken a witness’s conscience and to impress upon him his duty, the oath must be valid and meaningful. Very little is impressed upon a witness sitting in a foreign country looking at an American trial on a video screen when the screen and witness are in a room thousands of miles away from the trial and on a different continent: far away from the defendants, judge, jury, clerk, and counsel.
While the law generally says that the oath may be given by a justice or judge of the United States, or by the clerk of the court or his deputies, 28 U.S.C. §§ 459, 953, this statement is not plainly sufficient to cover the anomaly presented by this case: Congress did not address or seem to plan for foreign witnesses to testify at a United States trial at the same time the witness remained in a foreign country. When we look at statutes where Congress plainly did envision someone taking an oath while in a foreign country, we see additional requirements to make the oath meaningful. In the light of the Constitution’s own demand for a meaningful oath, I believe that requirements along the line of those set out by statutes probably apply— as a matter of constitutional law — in a criminal trial too.
For example, in applying for a patent, an applicant must make a valid oath that he believes himself to be the original and first inventor of the thing he is seeking to patent. In saying who is authorized to give the oath, 35 U.S.C. § 115 provides, in relevant part, this process:
Such oath may be made before any person within the United States authorized by law to administer oaths, or, when, made in a foreign country, before any diplomatic or consular officer of the United States authorized to administer oaths, or before any officer having an official seal and authorized to administer oaths in the foreign country in which the applicant may be, whose authority is proved by certifícate of a diplomatic or consular officer of the United States, or apostille of an official designated by a foreign country which, by treaty or convention, accords like effect to apostilles of designated officials in the United States, and such oath shall be valid if it *1191 complies with the laws of the state or country where made.... For purposes of this section, a consular officer shall include any United States citizen serving overseas, authorized to perform notarial functions pursuant to section 1750 of the Revised Statutes, as amended (22 U.S.C. 4221).[3]
I doubt that a district court clerk in Alabama has the legal power to place someone in Australia under a meaningful oath: the United States government has not argued in this case that the Alabama federal court clerk was authorized to administer oaths in Australia. As the statutes show, it is widely accepted that the oath (if it is to serve its purpose) must be given by a properly empowered person in the same place (or at least in the same country) as the witness wishing to take the oath. This idea — the idea of taking an oath before, that is, actually in the presence of, a competent officer — goes back to the desire to impress the significance of that oath upon the witness.
Courts must take the idea of witnesses testifying under oath seriously. It is hard to feel the significance of an oath, when a person in one sovereign country is just looking at a television screen at an image of a court clerk representing a foreign government a very long airplane ride away and in an altogether different sovereign country. I mistrust the notion that many people think that talking to a television (especially given the other circumstances here) counts for much. So, I worry that the Constitution’s requirement that a witness in a criminal trial make his statements under a meaningful oath was not met in this case.
Pusztai does not challenge the sufficiency of evidence. Yates does. Apart from the testimony of the witnesses in Australia, I believe that sufficient evidence — particularly given Yates’s own testimony — is in the record to support her conviction. For background, see United States v. Brovm, 53 F.3d 312, 314 (11th Cir.1995). So, a new trial can be held.

. See 18 U.S.C. § 1621:
Whoever—
(1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or *1190 certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or
(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;
is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

. Defendants did not focus on the ineffectiveness of the oath-giver; so this issue is not necessarily dispositive here. But it is an issue that causes grave concern to me, and today’s Court opinion leaves the issue open for another case in which the point is argued hard. Without citing authority, defendant Yates, in her appellant brief, does say the two Australian witnesses "were not properly sworn before an officer of this or any court, as they were outside of the power of this Court to be properly punished or held in contempt for perjurious testimony.” Pusztai said the oath was not meaningful because even if perjury is an extraditable offense, there is little likelihood that the government would actually indict and extradite their own witness who testified as desired and helped the government successfully obtain a conviction.

. 22 U.S.C. § 4221, the statute for depositions and notarial acts taken abroad and allowing punishment for perjury, says these things about oaths:
Every secretary of embassy or legation and consular officer is authorized, whenever he is required or deems it necessary or proper so to do, at the post, port, place, or within the limits of his embassy, legation, or consulate, to administer to or take from any person an oath.... At any post, port, or place where there is no consular officer, the Secretary of State may authorize any other officer or employee of the United States Government who is a United States citizen serving overseas, including any contract employee of the United States Government, to perform such acts, and any such contractor so authorized shall not be considered to be a consular officer. Every such oath ... before any such officer, when certified under his hand and seal of office, shall be as valid, and of like force and effect within the United States, to all intents and purposes, as if ... before any other person within the United States duly authorized and competent thereto. If any person shall willfully and corruptly commit perjury, or by any means procure any person to commit perjury in any such oath ... within the intent and meaning of any Act of Congress now or hereafter made, such offender may be charged, proceeded against, tried, convicted, and dealt with in any district of the United States, in the same manner, in all respects, as if such offense had been committed in the United States, before any officer duly authorized therein to administer or take such oath ... and shall be subject to the same punishment and disability therefor as are or shall be prescribed by any such Act for such offense....